UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JEFFREY PAYNE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:05-CV-233-PRC |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. On September 27, 2006, the Court issued an Opinion and Order denying the relief requested by Plaintiff in his Complaint and Opening Brief and reaffirming the decision of the Administrative Law Judge in all respects. On September 28, 2006, a Clerk's Entry of Judgment was entered on the docket.

It has now come to the Court's attention that the case of *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006), appears to be in conflict with the Court's ruling on one of the issues raised by Plaintiff as a grounds for remand. In its September 27, 2006 Order, this Court addressed Plaintiff's argument raised in Argument II of his Opening Brief that there were inconsistencies between the testimony of the vocational expert as to the jobs that he could perform in the economy, the exertional requirements of those jobs as set forth in the Dictionary of Occupational Titles, and the residual functional capacity the Administrative Law Judge assigned to Plaintiff. In its ruling in Part B.1 of the Analysis in its Order, this Court relied, in part, on the case of *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002). The Seventh Circuit issued its opinion in *Prochaska* on July 24, 2006, after the parties had fully briefed the issues in this case on April 12, 2006, but before the Court issued its Order on September 27, 2006.

Because of the Seventh Circuit's treatment in *Prochaska* of the discussion in *Donahue* relied on by the Court in its September 27, 2006 Order, pursuant to Federal Rule of Civil Procedure 60(b), the Court now **VACATES** its September 27, 2006 Opinion and Order and the September 28, 2006 Entry of Judgment and **REOPENS** this matter for reconsideration of the limited issue raised by Plaintiff in Argument II of his Opening Brief and addressed by the Court in Part B.1 of the Analysis in the Court's Order. *See Nowicki v. United States*, 536 F.2d 1171, 1175 (7th Cir. 1976) (holding that a district court may grant relief under Rule 60(b) on its own motion in a case in which the district court, in light of new case law, *sua sponte* reopened a previous judgment in favor of the government affirming an administrative agency determination); *see also In re Crooks*, No. 03-84046, ADV. 04-8141, 2004 WL 2827248, *2 (Bankr. C.D. Ill. Nov. 16, 2004) (citing *Nowicki*, 536 F.2d 1171); *U.S. ex rel. Arrieta v. Briley*, No. 04 C 8012, 2004 WL 407005, *3 (N.D. Ill. Feb. 20, 2004) (same); *In re Burgess*, 138 B.R. 56, 59 (Bankr. W.D. Wis. 1991) (same).

Given the nature of the Seventh Circuit's holding in *Prochaska*, the Court finds that relief under Rule 60(b) is warranted as there is a substantial danger that the Court's underlying judgment was unjust. *See McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000); *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 161 (7th Cir. 1990). In addition, the Court finds that no intervening rights of the parties have been affected by the passage of time since the entry of the original judgment given that the time for appeal has not yet passed. *See Nowicki*, 536 F.2d at 1175.

The Court now **ORDERS** that the parties brief this Court on the impact of the Seventh Circuit's holding in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006), on the Plaintiff's arguments raised in Argument II of his Brief and on this Court's ruling on this argument in Part B.1 of the Analysis in its Order and whether *Prochaska* requires this Court to enter judgment in favor

of Plaintiff on that issue in this case in light of the arguments initially raised by Plaintiff on this issue in his opening brief and this Court's treatment of those arguments in its Order. *See Nowicki*, 536 F.2d at 1173 (noting that the district court provided the parties an opportunity to be heard on the issue raised by the court in light of new case law).

The Plaintiff shall file a brief with this Court addressing this limited issue on or before **November 6, 2006**; the Defendant shall file a response on or before **November 21, 2006**; and the Plaintiff shall file a reply on or before **November 29, 2006**.

The Court further **ORDERS** that no other issues in the Court's September 27, 2006 Order are subject to reconsideration as a result of this Court's motion pursuant to Rule 60(b).

SO ORDERED this 18th day of October, 2006.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE CHERRY
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record